## CIRCUIT COURT OF HIGHLAND COUNTY

Commonwealth of Virginia

v.

Jack Levien

January 7, 1985

By JUDGE DUNCAN M. BYRD, JR.

The Defendant, Jack Levien, by his Motion to Dismiss (Demurrer) has raised several issues. The central issue is whether, as a matter of law, the Commonwealth is prohibited from prosecution of criminal trespass in violation of Code of Virginia, 1950, as amended § 18.2-119 upon "public" or "quasi public" property.

The stipulated facts are that the Monterey Lions Club acquired title to a parcel of real property containing a swimming pool in the town of Monterey in 1978. The pool is considered one of the Lions' community projects. The pool is maintained as a public pool and was opened to the public at the time of the alleged violation. The Defendant was given a notice "barring" him from the premises of the pool. On the date alleged, the Defendant, in violation of the notice went upon the premises and was charged with trespass.

The Commonwealth has cited *Sword v. Fox*, 448 F.2d 1091 (1971), in support of its argument that such an action may be maintained by the Commonwealth. As pointed out by the Defendant, the *Sword v. Fox* case is a "freedom of speech and assembly" case. Nevertheless, the principles of law are analogous. There the Court stated, at p. 1096, "[a]s in the case of other public facilities, a university may place reasonable restrictions on demonstrations to protect safety and property,

maintain normal operations, facilitate campus traffic, and the like." Further, the Court stated that "a college may adopt and enforce reasonable, non-discriminatory rules governing demonstrations on its campus."

A property owner, whether an individual or public, does not surrender all of their property rights and interests to the "public" merely because the premises are "open to the public." The property owner retains a significant property interest in maintaining their property and in insuring the health, safety and welfare of users of the property.

As in *Sword v. Fox, supra,* the Monterey Lions Club has a right to place reasonable restrictions upon members of the public to protect their property, and the health, safety and welfare of the users of the property. Therefore, if the "bar notice" in question was nondiscriminatory and bore a reasonable relationship to the principles set forth above it is within the "authority of law" and may be enforced by prosecution of criminal trespass.

The Defendant has raised a host of other issues concerning post arrest matters, none of which are relevant to the issue of guilt or innocence to the alleged violation of law. Since these matters neither singularly nor collectively constitute any significant denial of "due process of law" with regard to the case before the Court, the Court will not consider them or offer any advisory opinion as to there relative merit.

This matter is set for trial on the merits without a jury on February 7, 1985, at 10:00 a.m.